United States District Court
Southern District of Texas
FILED

MAR   5 2019

David J. Bradley, Clerk of Court

**B-19-032**

ISAAC MONTES, PRO SE
55 RIPPLE CREEK CIR
BROWNSVILLE, TEXAS 78521
Telephone:  (956) 266-0112
Emails:    Lawnsbyisaac1@gmail.com

Note to Court and Parties:  I am not allowed to receive phone calls while at work.
For this reason I prefer all communication via email which is regularly monitored
during breaks.  In the even you need to communicate with me right away, you can
call a friend at 956-266-0112 and he will text me or address the issue if possible.
This is just a request to protect my current employment.

# UNITED STATES DISTRICT COURT FOR THE

# SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION

| | |
|---|---|
| ISAAC MONTES,<br><br>    Plaintiff,<br><br>v.<br><br>OVERHEAD CORPORATION,<br>RANDALL FURBAY, JANE DOE<br>[whose true name is unknown],<br>EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br>AND THE STATE OF TEXAS<br><br>    Defendants. | DOCKET NO.:<br><br>**CIVIL ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>   **(1) TITLE VII OF THE CIVIL RIGHTS ACT OF 1964;**<br><br>**[JURY TRIAL DEMANDED]** |

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

PRO SE FOR PLAINTIFF

ISAAC MONTES, PRO SE
55 RIPPLE CREEK CIR
BROWNSVILLE, TEXAS 78521
Telephone:      (956) 266-0112
Emails:         Lawnsbyisaac1@gmail.com

Plaintiff, Isaac Montes lives at 55 Ripple, Creek Cir, Brownsville, Tarrant County, Texas and alleges the following:

## I.    NATURE OF THE ACTION

**OVERHEAD CORPORATIN, JANE DOE AND RANDALL FURBAY**

This is an action for relief from employment discrimination in violation of Title VII of the Civil Rights Act of 1964, *as amended* ("Title VII"), related state law claims, Declaratory Relief Against the EEOC for violating Plaintiff's Constitutional Rights to Equal Rights and or Due Process for acting in Excess of its Statutory Authority in finding Title VII does not bar employers from firing someone for speaking English on the job, and the State of Texas for violating my right to Freedom of Association – see, BROTHERHOOD OF RAILROAD TRAINMEN, Petitioner, v. VIRGINIA ex rel. VIRGINIA STATE BAR, 377 U.S. 1,12-14 (1964); See also, United Mine Workers v. Illinois State Bar Ass'n, 389 U.S. 217 (1967) and Transportation Union v. State Bar of Michigan, 401 U.S. 576 (1971), Texas Labor Code 301.074 as unconstitutional in violating my right to Due Process in my Liberty Interest in my Reputation, and TRCP 91a in violation of my Constitutional Right to Due Process by permitting trial judges to dismiss in a final judgment Original Petitions which have long been withdrawn and replaced with Amended Petitions.  See also TRCP 65.

2. Plaintiff Isaac Montes alleges that Defendants Overhead Corporation, Randall Furbay, and Jane Doe [whose true name is unknown because since day one Overhead has hidden her name], unlawfully discriminated against Isaac Montes on the basis of his national origin characteristics, namely language by speaking English to an Overhead manager, Jane Doe. Plaintiff further allege that Defendants' policies, practices, and decisions—all arising from the no-English-policy they established and enforced—had a disparate impact upon Isaac Montes based on his National Origin as a U.S. Citizen working in the U.S. 29 CFR § 1606.1

2. Plaintiff, further alleges state causes of action incident to the National Discrimination Complaint as follows:

2.1 The facts and case law will show that falsely accusing someone of not being qualified for a job as a way to cover-up discrimination based on National Original is Defamation per se. These acts were done by Randall Furbay and Jane Doe. When asked to investigate or provide one example of failure to perform Overhead could not reference one example and chose to adopt the discriminatory policy of Randall Furbay and Jane Doe.

2.2    Fraudulent inducement into Arbitration Agreement. First and foremost the Arbitration agreement does not apply to individual employees of the

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

company.  Second in exchange for agreeing to the Arbitration Overhead promised

protections against discrimination and arbitrary and capricious actions by

management.  Overhead knew its promise was false and held out same out for the

sole purpose of inducing new hires to agree to arbitration.

2.3 Further because the alleged arbitration agreement is in conflict with

EEOC v. Waffle House. Inc. 534 US 279 (2002) it puts the arbitration agreement

in conflict National Original violations which in this case is the key for the

defamation per se cases.    In Waffle House in a  6-3 opinion delivered by Justice

John Paul Stevens, the Court held that the arbitration agreement did not bar the

EEOC from pursuing victim-specific judicial relief in an ADA enforcement action.

The Court reasoned that the EECO's statutory enforcement powers unambiguously

authorized the EEOC to obtain the relief that it sought in its complaint, if it could

prove its case against the employer.

2.4  Your plaintiff relied on these false promises and gave up a job

opportunity at Harbor Freight to work for Overhead.

2.5      Overhead's actions caused your plaintiff to have problems with his

unemployment.  On April 3, 2018, Overhead informed the Texas Work Force

Commission that your plaintiff was fired for cause as not being qualified.  Randall

Furbay personally approved the hiring until Jane Doe became upset that your

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

Plaintiff spoke to her in English. Your plaintiff had to fight to keep his unemployment based on his prior job because of Overhead's lies to the Texas Work Force Commission.

3.      Plaintiffs seek injunctive and declaratory relief, compensatory damages, punitive damages, liquidated damages, and reasonable attorneys' fees and costs as remedies for Defendants' violations of his rights.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION.**

4.      EEOC as a matter of policy discriminates based on National Origin if you are a U.S. citizen living in the U.S. and speak English to a Spanish speaking supervisor at your job. see. 29 CFR § 1606.1

5.      The EEOC investigator made it clear EEOC has no authority over cases wherein a Spanish speaking manager fires a U.S. citizen for speaking to her in English, namely Jane Doe herein. The investigator also stated it was a matter of International law and not covered by National Discrimination under EEOC policy

6.      This polici is in excess of the statutory authority of the EEOC, or a violation of Isaac Montes constitutional right to Due Process, and or Equal Protection under the Fifth Amendment to the U.S. Constitution.

7.      Plaintiff seeks a declaratory judgment and injunctive relief that the policy of the EEOC to not have jurisdiction over cases wherein a U.S. citizen is fired for

speaking English to a Spanish speaking supervisor is in excess of its authority, or a violation of Plaintiff's constitutional right to Due Process and or Equal Protection under the Fifth Amendment to the U.S. Constitution

## STATE OF TEXAS

7.  The state of Texas through its Labor Code 301.074, unconstitutionally infringes on Plaintiff's Fourteenth Amendment guaranteed liberty interest in his reputation by providing immunity to corporations who lie to the Texas Work Force Commission to cover-up discrimination based on National Origin.

8.  The state of Texas through Texas Rule of Civil Procedure 91a violates Plaintiff's Fourteenth Amendment guarantee Right to Due Process by permitting judges to dismiss lawsuits which do not exist and were replaced by Amended Pleadings.  See TRCP 65

9.  The State of Texas violates plaintiffs First Amendment Right of Freedom of Association by banning pro se's to have non-lawyer unpaid friends to help them in court during proceedings to aid in oral argument. See, BROTHERHOOD OF RAILROAD TRAINMEN, Petitioner, v. VIRGINIA ex rel. VIRGINIA STATE BAR, 377 U.S. 1,12-14 (1964); See also, United Mine Workers v. Illinois State Bar Ass'n, 389 U.S. 217 (1967)

## THE PARTIES

10.  Plaintiff Isaac Montes is an English-speaking U.S. Citizen who lives in

Cameron County, Texas.  He worked for Overhead from March 5 to 6, 2018.

11.  Overhead Corporation, Defendant, is a Texas Corporation based in

Lewisville, Texas.  Defendant Overhead Door Corporation [hereinafter Overhead]

is a registered Corporation in Texas and is authorized to do business in Texas.

Overhead Door Corporation can be served by and through  Registered Agent CT

Corporation 350 St. Paul St. Ste. 2900, Dallas, Texas 75201-4234.

12.   Overhead's co-defendants Randall Furbay acting individually and as

corporate management for the Overhead Door Corporation [hereinafter Furbay] in

Brownsville, Cameron County Texas is a resident of Cameron County, Texas.

Randall Furbay can be service at his residence at 30 Spoonbill Cover Rd. Laguna

Vista, Texas 78578

13.  Overhead's codefendant Jane Doe is a Texas Resident, and the events all

occurred in Cameron County, Texas.  Jane Doe, [hereinafter Doe acting

individually and as corporate management for the Overhead in Brownsville,

Cameron County Texas is a resident of Cameron County, Texas.  She can be

serviced through Overhead through their registered agent, CT Corporation 350 St.

Paul St. Ste. 2900, Dallas, Texas 75201-4234.

14.  As to the state law claims against Overhead Cameron County Texas is the

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

proper venue. Texas Civil Practices and Remedies Code 15.005. As to all other

defendants they are residents of Texas, and venue in a defamation case is chosen

by the plaintiff. TRCP 15.017, and all or most of the events alleged herein occurred

while Plaintiff was employed by Defendant in in Brownsville, Cameron County,

Texas.

15.   At all times relevant herein, Overhead had at least fifteen employees, and was

therefore an "employer" within the meaning of Title VII.

16.   The Equal Opportunity Employment Commission is a U.S. federal agency and

subject to the laws of the United States and its Constitution, and declaratory and

injunctive relief.  EEOC can be served through its Interim Director Victoria Lipnic

via email at Victoria.Lipnic@EEOC.gov, and 131 M Street NE, Washington, DC

20507.

17.  The State of Texas is subject to the Fourteenth Amendment and incorporation

of the Bill of Rights thereunder. Plaintiff seeks declaratory and injunctive relief

only.  The State can be served through its attorney general and a separate notice of

the constitutional challenge pursuant to FRCP 5.1.  He may be served this lawsuit

and Notice of Constitutional Challenge at Office of the Attorney General

300 W. 15th Street Austin, TX 78701.Duplicate copies of the Notice and lawsuit

can be emailed to AG Ken Paxton at communications@oag.texas.gov

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

17. All parties will initially be served said lawsuit with the Notice of Lawsuit and Request to Waive Service of Summons

## JURISDICTION AND VENUE

18.    This Court has jurisdiction of Plaintiffs' federal law claims pursuant to 28 U.S.C.§ 1331, as this  case involves questions of federal law.

19.    This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiffs' state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiffs' federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

20.    Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

21.  Plaintiff timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") On or around December 11,

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

2018, the EEOC issued Plaintiff Notice of Right to Sue, without any findings as to the merit of the claim.

22.  Plaintiffs have timely filed this action and have complied with all administrative prerequisites to bring this lawsuit.

## FACTUAL ALLEGATIONS

23.  At all times material to this action, Plaintiff was employed by Overhead, except when an unknown party defamed and lied to the Texas Workforce Commission. As part of this job Plaintiff was responsible for inventory control and pulling parts for shipment to Matamoros, Mexico for assembly.

24.  During the week of February 28, 2018, your plaintiff was interviewed by Overhead and hired as a Lead in the warehouse.  During the second interview Randall Furbay expressed his frustration to Mr. Gonzalez, plaintiff's supervisor as to why your plaintiff was not already on the job.

25.  On March 5 and 6, 2018, your plaintiff began to work for Overhead.  He was provided minimum job training.  His only knowledge of the job was that on the information sheet supplied by Human Resources.  Both days were about 15 hour days without breaks.

26  At no time on March 5 or 6, 2018, did anyone approach your plaintiff to discuss his job performance or provide additional training other than the basic

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

process for picking product and getting it ready for shipment, or receiving product for storage.

27.  On the evening on March 6, 2018, Mr. Gonzales ordered us to go home at 11 p.m., even though an order had not shipped.

28.  Another supervisor by the name of Omar whose order also did not ship complained to my supervisor, Mr. Gonzalez that he should have kept us there without any breaks until 2 a.m. if that is what it took to get the job done.  Omar tried to deflect from the fact his team failed to get his order out.

29.  On March 7, 2018, because the two orders under the supervision of Mr. Gonzales and Omar did not ship, corporate representatives from the main office in Matamoros, Mexico showed up first thing in the morning to investigate because as a matter of corporate policy they are fined for unshipped orders.  The supervisors were Randall Furbay and Jane Doe.

30.  Upon arriving a blonde female from the Matamoros office approach your plaintiff, identified herself as management and began to speak with your plaintiff in Spanish using technical terms.

31.  Your plaintiff immediately and professionally responded in English, where upon in violation of your Plaintiff's National Original turned to Mr, Gonzales and asked in Spanish "why did you hire him."

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

32.   Mr. Gonzales, Omar, the unknown Jane Doe and Randall Furbay went into the officer wherein Mr. Gonzales was ordered to fire your plaintiff.  No reason was given until your plaintiff complained to corporate and Randall Furbay and Jane Doe claimed your plaintiff in two days had failed to do his job, notwithstanding not once was he corrected, or told to do anything more than receive and ship orders.  Not one correction or complaint was made during these two days.

33.   The decision was made immediately after your plaintiff addressed the manager from Matamoros, Mexico in English.

34.   Your plaintiff demanded Mr. Gonzales release Jane Doe's name and he refused.  Your plaintiff repeatedly demanded from HR Delia Roble to release Jane Doe's name and she refused.

35.   Delia Robles admitted Overhead was aware of the problems in inventory control your plaintiff had identified and the mismanagement by Randal Furbay and Jane Doe and were sending a team from corporate to address the problems.

36.    As someone highly experienced in warehouse functions and inventory control your plaintiff identified that the workers were causing needless delay in processing orders because they were randomly removing product from the shelves instead of from the designated area where the pick sheet said the item would be.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

37.    This meant workers would have to go back and look in the inventory system for another product to pull. They would pull that one, thereby causing the next person to not be able to locate the product. This mismanagement had been going on for some time by Randall Furbay and Jane Doe. Plaintiff identified this problem slowing progress on day one to no avail. Corporate was informed via email after your plaintiff was fired where upon they agreed to send to investigators.

38.    On April 3, 2018, Overhead informed the Texas Work Force Commission that your plaintiff was fired for cause as not being qualified.

39.    Randall Furbay personally approved the hiring until Jane Doe became upset that your Plaintiff spoke to her in English.

40.    Your plaintiff had to fight to keep his unemployment based on his prior job because of Overhead's lies and defamation per se to the Texas Work Force Commission.

41.    Randall Furbay and Jane Doe defamed plaintiff when they lied to HR that plaintiff was fire for cause as opposed to speaking to Jane Doe in English.

42.    The Anti-English policy remained in existence through Plaintiffs' last days of employment.

43.  On or about October 10, 2018, your plaintiff did an interview with EEOC. The assigned Interviewer state EEOC had no jurisdiction over the firing of U.S. Citizen employees for speaking English and the case was a matter for International law.

44.  On October 17, 2018, State District Judge David Sanchez of the 444th District Court of Cameron County ruled your plaintiff had no right of freedom of association to allow an unpaid lawyer advocate to assist him in court during oral argument in violation of your Plaintiff's Right to Freedom of Association to seek assistance from unpaid non-lawyer advocates as found by the United States Supreme Court.

45.  On October 17, 2018, State District Judge Davis Sanchez of the 444th District Court of Cameron County ruled pursuant to Texas Rule of Civil Procedure 91a the court can dismiss a Third Amended Petition, based on a Motion to Dismiss the First Amended Petition which had been withdrawn pursuant to TRCP 65.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF AS TO OVERHEAD, RANDALL FURBAY AND JANE DOE

National Origin-Based Discrimination (Disparate Impact) in Violation of

Title VII of the Civil Rights Act of 1964, *as amended,*

.S.C. § 2000e-2(a)

46.   Plaintiff incorporates by reference as if fully set forth herein the allegations

contained in paragraphs 1 through 45, above.

47.   Section 703 of Title VII, 42 U.S.C. § 2000e-2, prohibits employment

practices that discriminate against persons on the basis of their national origin.

Plaintiff is informed and believes and thereon alleges that Defendant Overhead's

Spanish only policy (which operated as a no-English policy and/or practice) had

an adverse and disproportionate impact on him because of his national origin, as a

U.S. Citizen who lives in Brownsville, Texas.  As plead Plaintiff gave up a job

offer from Harbor Freight to accept employment with Overhead.

48.  Defendants' Spanish only policy (which operated as a no-English policy

and/or practice) was neither manifestly job-related nor consistent with business

necessity.

49. Less discriminatory alternatives existed to achieve Defendants' stated business

purposes. Overhead had every ability to hire management in the US who speak

English.

50.   As a direct, legal and proximate result of the discrimination, Plaintiff  has

sustained, and will continue to sustain, economic and emotional injuries, resulting

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

in damages in an amount to be proven at trial.

51. Defendant Overhead's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on national origin.

52. Plaintiff is entitled to their reasonable attorneys' fees and costs of suit.

## SECOND CLAIM FOR RELIEF STATE LAW CLAIMS

53.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 45, above

54.    The facts and case law will show that falsely accusing someone of not being qualified for a job as a way to cover-up discrimination based on National Original is Defamation per se. These acts were done by Randall Furbay and Jane Doe. When asked to investigate or provide one example of failure to perform Overhead could not reference one example and chose to adopt the discriminatory policy of Randall Furbay and Jane Doe, and reported the defamation per se to the Texas Workforce.

55.    Fraudulent inducement into Arbitration Agreement. First and foremost the Arbitration agreement does not apply to individual employees of the company. Second in exchange for agreeing to the Arbitration Overhead promised protections against discrimination and arbitrary and capricious actions by management.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

Overhead knew its promise was false and held out same out for the sole purpose of inducing new hires to agree to arbitration.

56    Further because the alleged arbitration agreement is in conflict with EEOC v. Waffle House. Inc. 534 US 279 (2002) it puts the arbitration agreement in conflict National Original violations which in this case is the key for the defamation per se cases.    In Waffle House in a 6-3 opinion delivered by Justice John Paul Stevens, the Court held that the arbitration agreement did not bar the EEOC from pursuing victim-specific judicial relief in an ADA enforcement action. The Court reasoned that the EECO's statutory enforcement powers unambiguously authorized the EEOC to obtain the relief that it sought in its complaint, if it could prove its case against the employer.

57.    At all times relevant Overhead acted with actual malice to cover up the fact it fired your plaintiff for speaking in English to the Matamoros, supervisor.

58.    Your plaintiff relied on these false promises and gave up a job opportunity at Harbor Freight to work for Overhead.

59.    Overhead's actions caused your plaintiff to have problems with his unemployment.  On April 3, 2018, Overhead informed the Texas Workforce Commission that your plaintiff was fired for cause as not being qualified.  Randall Furbay personally approved the hiring until Jane Doe became upset that your

Plaintiff spoke to her in English.  Your plaintiff had to fight to keep his unemployment based on his prior job because of Overhead's lies to the Texas Workforce Commission.

60.     Your plaintiff brings each of these claims in defamation per se where damages are presumed.  Nothing in this suit is of a public concern.  Every cause of action is in defamation to Isaac Montes..

61.     Your plaintiff brings this action in fraudulent and fraudulent inducement through promises in the employment manual promising Plaintiff a right to speak out about problems and company compliance with state and federal law.  Based on reliance on these promises your plaintiff turned down a job with Harbor Freight.

62.   As a direct, legal and proximate result of the defamation per se, fraud and fraudulent inducement Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

63.   Defendant Overhead's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on national origin defamation, fraud and fraudulent inducement

64.   Plaintiff on the state law claims is also entitled costs of suit.

## THIRD CLAIM AGAINST EEOC

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

65.  Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraph 43 above.

66.  Said actions were in violation of the Fifth Amendment right to Due Process as a violation of Excess of Statutory Authority, or in the alternative as violating his Due Process right to Equal Protection under the law in that the statute does not protect against discrimination against U.S. citizens who speak English on the job.

67.    As a direct, legal and proximate result of the EEOC's Excess of Statutory Authority, and or unconstitutional law of discrimination against U.S. Citizens who speak English at work, Plaintiff has sustained, and will continue to sustain damages and seeks declaratory injunctive relieve against the Excess of Statutory Authority  or against enforcement of the law which makes it legal to fire U.S. Citizens who speak English on the job.

## FOURTH CLAIM AGAINST THE STATE OF TEXAS AND DECLARATORY AND INJUNCTION RELIEF

68.  Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraph 1-45, and in particular 44-45. A present and actual controversy exists between Plaintiff and Defendant EEOC concerning his rights and respective duties.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

69.  The state of Texas through its Labor Code 301.074, unconstitutionally infringes on Plaintiff's Fourteenth Amendment guaranteed liberty interest in his reputation by providing immunity to corporations who lie to the Texas Workforce Commission to cover-up discrimination based on National Origin.

70.  The state of Texas through Texas Rule of Civil Procedure 91a violates Plaintiff's Fourteenth Amendment guarantee Right to Due Process by permitting judges to dismiss lawsuits which do not exist which were replaced by Amended Pleadings.  See TRCP 65

71.  The State of Texas violates plaintiffs First Amendment Right of Freedom of Association by banning pro se's to have non-lawyer unpaid friends to help them in court during proceedings to aid in oral argument. See, BROTHERHOOD OF RAILROAD TRAINMEN, Petitioner, v. VIRGINIA ex rel. VIRGINIA STATE BAR, 377 U.S. 1,12-14 (1964); See also, United Mine Workers v. Illinois State Bar Ass'n, 389 U.S. 217 (1967)

72.  As a direct, legal and proximate result of the State of Texas unconstitutional laws, rules and procedures Plaintiff has sustained, and will continue to sustain damages and seeks declaratory injunctive relieve against the enforcement of these laws, procedures and policies

## DECLARATORY RELIEF ALLEGATIONS AS TO OVERHEAD

73.   A present and actual controversy exists between Plaintiff and Defendants Overhead, Randall Furbay and Jane Doe concerning his rights and respective duties. Plaintiff contends that Defendant Overhead, Randall Furbay and Jane Doe violated his right against Discrimination based on National Origin. Plaintiff is informed and believes Overhead and its management will continue to enforce the Spanish only policy when speaking with Matamoros managers and thereon allege that the Defendants deny these allegations. Declaratory relief is therefore necessary and appropriate in the event the jury returns him to work.

74.   Plaintiff seeks a judicial declaration of the rights and duties of the respective parties.

## INJUNCTIVE RELIEF ALLEGATIONS

75.   No plain, adequate, or complete remedy at law is available to Plaintiff to redress the wrongs addressed herein concerning the policy against speaking English on the job.

76.   If this Court does not grant the injunctive relief sought herein, Plaintiff will be irreparably harmed if the jury orders he be restored to his position with back pay and estimated overtime.

## DECLARATORY RELIEF ALLEGATIONS AS TO EEOC

77.   A present and actual controversy exists between Plaintiff and Defendant

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

EEOC concerning his rights and respective duties. Plaintiff contends that Defendant EEOC violated his right against Discrimination based on National Origin, by and through Excess of Statutory Authority, and or through an unconstitutional statute which permits discrimination against U.S. Citizens who speak English on the job . Plaintiff is informed and believes EEOC and its management will continue to enforce these constitutional violations and thereon alleges EEOC will deny these allegations. Declaratory relief is therefore necessary and appropriate.

78.    Plaintiff seeks a judicial declaration of the rights and duties of the respective parties.

## INJUNCTIVE RELIEF ALLEGATIONS

79.    No plain, adequate, or complete remedy at law is available to Plaintiff to redress the wrongs addressed herein concerning the unconstitutional use of Excessive Statutory Authority or enforcement of the law against Discrimination based on National Origin to not include U.S. Citizens who speak English on the job

80.    If this Court does not grant the injunctive relief sought herein, Plaintiff will be irreparably harmed if the jury orders he be restored to his position with back pay and estimated overtime.

## ECONOMIC DAMAGES AGAINST OVERHEAD ONLY

81. Your plaintiff brings each of these claims in defamation per se where damages are presumed. Nothing in this suit is of a public concern. Every cause of action is in defamation to Isaac Montes is related to no matters of public concern.

82. Your plaintiff brings this action in fraudulent and fraudulent inducement through promises in the employment manual promising Plaintiff a right to speak out about problems and company compliance with state and federal law. Based on reliance on these promises your plaintiff turned down a job with Harbor Freight.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1.    For a declaration that Defendants' Overhead, Randall Furbay and Jane Doe's actions, policies, and practices as alleged herein are unlawful;

2.    For reinstatement;

3.    For lost wages and all other compensation denied or lost to Plaintiff by reason of Defendants' Overhead's unlawful actions, in an amount to be proven at trial;

4.    For compensatory damages for Plaintiffs' emotional pain and suffering, in an amount to be proven at trial;

5.    For presumed damages for defamation per se.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

6.    For punitive damages in an amount to be determined at trial;

7.    For liquidated damages;

8.    For interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

9.    For an order enjoining Overhead Defendants from engaging in the unlawful acts complained of herein;

10.    For reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 2000e-5(k), New Jersey Revised Statutes § 10:5-27.1, and other laws; and

11.    For such other and further relief as this Court deems just and proper.

12. As to EEOC a Declaration that its Excessive Statutory Authority in how it enforces the law against Discrimination based on National Origin to not include people who speak English on the job be declared unconstitutional and enjoined. Or in the alternative that the court declare as unconstitutional the law banning discrimination based on National Origin as violating the Fifth Amendment Due Process, Equal Protection incorporated for not including a prohibition against firing a U.S. citizen for speaking English on the job/As to the State of Texas .

13.    The state of Texas through its Labor Code 301.074, unconstitutionally infringes on Plaintiff's Fourteenth Amendment guaranteed liberty interest in his

reputation by providing immunity to corporations who lie to the Texas Work Force Commission to cover-up discrimination based on National Origin.67.    The state of Texas through Texas Rule of Civil Procedure 91a violates Plaintiff's Fourteenth Amendment guarantee Right to Due Process by permitting judges to dismiss lawsuits which do not exist which were replaced by Amended Pleadings. See TRCP 65.

14.    The State of Texas violates plaintiffs First Amendment Right of Freedom of Association by banning pro se's to have non-lawyer unpaid friends to help them in court during proceedings to aid in oral argument. See, BROTHERHOOD OF RAILROAD TRAINMEN, Petitioner, v. VIRGINIA ex rel. VIRGINIA STATE BAR, 377 U.S. 1,12-14 (1964); See also, United Mine .Workers v. Illinois State Bar Ass'n, 389 U.S. 217 (1967).

15.    As to the state of Texas Plaintiff seeks each of these statutes, rules and procedures be held unconditional because Plaintiff has no remedy at law if the statute, procedures or policies remain in place to see redress as guaranteed by the Fourteen Amendment.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

Dated:  March 5, 2019                    Respectfully submitted,

                                         Isaac Montes, Pro Se
                                         55 Ripple Creek Cir.
                                         Brownsville, Texas 78521
                                         Email:    lawnsbyIsaac1@gmail.com
                                         Cell:  956-525-9663


                                         _____
                                         Isaac Montes, Pro se

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all causes of action and claims to which they have
a right to a jury trial.

                                         Respectfully submitted,
                                         Isaac Montes, Pro Se
                                         55 Ripple Creek Cir.
                                         Brownsville, Texas 78521
                         Email: lawnsbyIsaac1@gmail.com Cell:  956-525-9663


                         BY:_____
                                         ISAAC MONTES, PRO SE
                                                     for Plaintiff

COMPLAINT FOR EMPLOYMENT DISCRIMINATION