Case 1:19-cv-00032   Document 70   Filed on 09/06/19 in TXSD   Page 1 of 17

United States District Court
Southern District of Texas
**ENTERED**
September 06, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISAAC MONTES, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-19-32 |
| | § | |
| OVERHEAD CORPORATION, et al., | § | |
|    Defendants. | § | |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 5, 2019, Plaintiff Isaac Montes filed a complaint in this case. Dkt. No. 1. On April 19, 2019, Montes filed a second amended complaint against Defendants Overhead Corporation, Randall Furbay, Kelly Terry, Jane Doe[1] and the State of Texas. Dkt. No. 18. This later complaint is the operative complaint. Montes's claims primarily relate to his employment at Overhead.

Montes previously filed a lawsuit in state court relating to his employment at Overhead. The state trial court dismissed Montes's complaint with prejudice. That dismissal is currently on appeal in the state courts.

On May 13, 2019, Overhead, Furbay, Terry, and Doe filed a motion to dismiss. Dkt. No. 28. On May 31, 2019, the State of Texas also filed a motion to dismiss. Dkt. No. 39.

After reviewing the record and the relevant case law, the Court recommends that the motions to dismiss be granted. The claims against Overhead, Furbay, and Doe should be dismissed based upon res judicata. The claims against Terry should be dismissed for failure to state a claim upon which relief can granted. The claims against the State of Texas should be dismissed without prejudice based upon sovereign immunity, or alternatively, the Court should abstain from exercising jurisdiction over those claims.

---

[1] Doe is an unidentified female executive at Overhead. In its motion to dismiss, Overhead asserts that Jane Doe is not a proper defendant because the Federal Rules do not expressly permit claims against fictitious defendants. Dkt. No. 28, p. 10. The Court views the Jane Doe defendant as an unidentified defendant rather than a fictitious one. Balle v. Nueces Cty., Texas, 690 F. App'x 847, 850 (5th Cir. 2017).

## I. Background

A major issue in this case centers on whether res judicata applies to Montes's complaint. The Court will address the factual underpinning of Montes's complaint; the history in the state court case; and, the procedural history in this Court.

### A. Factual Background

On March 5, 2018, Montes began working for Overhead. Dkt. No. 18, pp. 11-12. While his exact job duties are not listed in the complaint, it appears that he worked in a department that prepared orders for shipment. Id.

On March 6, 2018, a supervisor ordered Montes and his co-workers to go home, even though there was an order that remained unshipped. Dkt. No. 18, pp. 11-12.

On March 7, 2018, "corporate representatives from the main office in Matamoros, Mexico, showed up first thing in the morning to investigate" the unshipped order. Dkt. No. 18, pp. 11-12.

Jane Doe, an unidentified female executive with Overhead, approached Montes and began speaking to him in Spanish "using technical terms." Dkt. No. 18, pp. 11-12. Montes responded to Doe in English. Id. Doe turned to one of Montes's supervisors and asked, in Spanish, "why did you hire him?" Id.

Doe and Randall Furbay — another Overhead executive — met briefly in an office with Montes's direct supervisors and decided to immediately terminate Montes's employment. Id. The complaint notes that the decision to terminate employment "was made immediately after [Montes] addressed [Doe] in English." Id, p. 13.

Montes alleges that he "had to fight to keep his unemployment [benefits] based on his prior job because of Overhead's lies and defamation per se to the Texas Workforce Commission." Dkt. No. 18, p. 14. Montes alleges that Furbay and Doe defamed him when they claimed that his employment was terminated for poor performance rather than because he spoke English to Doe. Id.

### B. State Court Case

On August 16, 2018, Montes sued Overhead, Furbay, and Doe in the 444th District Court. Dkt. No. 9, p. 12. Montes alleged that the termination of his employment for

speaking English constituted discrimination based on national origin. Id., p. 16. Montes also claimed that he was fraudulently induced into entering into an arbitration agreement, but no copy of an arbitration agreement was attached to the complaint. Id. Montes also claimed that the defendants lied to the Texas Workforce Commission about the true reason for his firing. Id.

On September 13, 2018, Overhead, Furbay, and Doe filed a motion to dismiss, pursuant to TEX. R. CIV. P. 91a. Dkt. No. 9, p. 31. Rule 91a is reserved for dismissing complaints that have no basis in law or fact. See Mastronardi v. Wells Fargo Bank, 653 F. App'x 356, 358 (5th Cir. 2016) (noting that Rule 91a is the Texas analogue to a motion to dismiss under FED. R. CIV. P. 12(b)(6)).

On October 1, 2018, Montes filed his third amended complaint in state court. Dkt. No. 9, p. 21. Montes continued his employment discrimination and defamation claims against Overhead, Furbay, and Doe. Id. Montes added a challenge to the constitutionality of TEX. LABOR CODE § 301.074, which grants immunity to all statements made to the Texas Workforce Commission.[2] Id. Montes alleged that § 301.074 violates "his due process property right in his name as to employment as a property interest under the Fourteenth Amendment and Article I Section 19 of the Texas Due Course Bill of Rights." Id, p. 27.

During the state court proceedings, Montes sought to have an unpaid non-attorney friend help him argue his case. Dkt. No. 18, p. 6. This request was apparently denied.

On October 17, 2018, the 444th District Court granted the motion to dismiss and dismissed all of Montes's claims with prejudice. Dkt. No. 9, p. 10.

Montes has appealed the state court judgment. The appeal is pending before the Thirteenth Court of Appeals of Texas. Montes v. Overhead, Case No. 13-19-18-CV (Tex. App. 2019).

---

[2] "An oral or written statement made to the commission or to an employee of the commission in connection with the discharge of the commission's or the employee's duties under Subtitle A may not be the basis for an action for defamation of character." TEX. LABOR CODE § 301.074.

### C. Federal Procedural History

On March 5, 2019, Montes filed his complaint in this Court. Dkt. No. 1. In that complaint, Montes made claims against Overhead, Furbay, Doe, the Equal Employment Opportunity Commission and the State of Texas. Dkt. No. 1.

On March 29, 2019, Montes filed a second complaint. Dkt. No. 8. Then, on April 19, 2019, Montes filed an amendment to that complaint – labeled "Plaintiff's Second Amended Origi[]nal Complaint" – which is the controlling complaint in this case. Dkt. No. 18.

In the second amended complaint, Montes raised claims against Defendants Overhead, Furbay, Doe, Kelly Terry (the CEO of Overhead), and the State of Texas. Dkt. No. 18. The claims against Overhead, Furbay, and Doe relate to Montes's claims of employment discrimination. Id. In that complaint, Montes did not assert any claims against the EEOC.

As to Terry, Montes asserts that Terry retaliated against him for filing an EEOC complaint. Dkt. No. 18. As the Court understands it, on May 5, 2019, Montes sent a settlement offer to Terry to resolve the claims against Terry and Doe. See Dkt. No. 28-5 (letter from Montes to Terry offering to "settle as to you and Jane Doe for $50,000 plus all costs in all litigation.").[3]

In response, Terry, via counsel, threatened to file a motion for contempt against Montes for communicating directly with a represented party. Despite the threat, no such motion was ever filed. Montes asserts that Doe was an unrepresented party and that the rules against speaking with represented parties apply to lawyers, rather than pro se litigants. Montes argues that the threat to file a motion for contempt was in retaliation for him filing an EEOC complaint against Overhead.

Montes seeks declaratory and injunctive relief against the State of Texas. Id. Montes seeks to enjoin the State from: (1) enforcing any rules which prohibit the use of

---

[3] The Court may consider the contents of the letter at the 12(b)(6) stage because the Court can consider documents that "are referred to in the pleadings and are central to a plaintiff's claims." Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp., 748 F.3d 631, 635 (5th Cir. 2014).

4

unpaid non-attorney advocates in court proceedings; (2) enforcing Tex. Labor Code 301.074; (3) enforcing Tex. R. Civ. P. 91a, when the plaintiff has filed an amended complaint after the motion to dismiss has been filed. Dkt. No. 18, pp. 5-6.

On May 13, 2019, Overhead, Furbay, and Terry filed a motion to dismiss, asserting that Montes's claims were barred by res judicata. Dkt. 28. The motion to dismiss also asserted that Montes had failed to state a claim upon which relief can be granted. Id.

On May 31, 2019, the State of Texas filed a motion to dismiss. The State argued that the Court should abstain from exercising jurisdiction over this case because of the pendency of the state appellate process, citing Younger v. Harris, 401 U.S. 37 (1971). Dkt. No. 39. Texas also asserted sovereign immunity for any claims made against it. Id.

On June 20, 2019, Montes filed a motion for the Court to enjoin the state appellate proceedings. Dkt. No. 50. On June 21, 2019, the Court denied that motion. Dkt. No. 53.

On June 27, 2019, Montes timely filed a response to the motion to dismiss filed by Overhead, Furbay, and Terry. According to Montes, the state court proceedings were not dismissed, rendering res judicata inapplicable in this case. Dkt. No. 58.

On the following day — June 28, 2019 — Montes timely filed a response to Texas's motion to dismiss. Dkt. No. 61. Montes asserts that if sovereign immunity prevents him from suing the State of Texas, he should be permitted to amend his complaint to list the proper defendant. Id. Montes further argues that the Court should not abstain from hearing this case. Id.

On July 23, 2019, Overhead, Furbay, and Terry filed a reply brief in support of their motion to dismiss. Dkt. No. 66. The reply reiterates the prior arguments that res judicata applies to this case. Id.

On July 26, 2019, Montes filed a sur-reply brief. Dkt. No. 67.[4]

---

[4] Montes filed two separate motions to stay this case, pending the outcome of either the state proceedings or the EEOC process. Dkt. Nos. 19, 35. On September 5, 2019, the Court denied those motions. Dkt. No. 68.

**II. Applicable Law**

    **A. Motion to Dismiss**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter which, when taken as true, states a claim to relief that is plausible on its face." Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc., 892 F.3d 719, 726 (5th Cir. 2018) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. Dismissal is proper when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

Unless the Court specifically holds otherwise, dismissal for failing to state a claim upon which relief can be granted is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

"Although res judicata is an affirmative defense generally not suited to resolution on the pleadings, dismissal under Rule 12(b)(6) is appropriate if the res judicata bar is apparent from the pleadings and judicially noticed facts." Kahn v. Ripley, 772 F. App'x 141, 142 (5th Cir. 2019). Courts may take judicial notice of the public records of prior court proceedings. Id.

    **B. Res Judicata**

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005). "Federal courts give a Texas state court judgment the [same] preclusive effect it would be given under Texas law." E.E.O.C. v. Jefferson Dental Clinics, PA, 478 F.3d 690, 694 (5th Cir. 2007).

Under Texas law, there are three elements required for res judicata to apply: "(1) a prior final determination on the merits by a court of competent jurisdiction; (2) identity of

6

parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action." Travelers Ins. Co. v. Joachim, 315 S.W.3d 860, 862 (Tex. 2010).

Texas law states that "a judgment is final for the purposes of issue and claim preclusion despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo." Scurlock Oil Co. v. Smithwick, 724 S.W.2d 1, 6 (Tex. 1986) (internal quotation marks omitted). Additionally, under Texas law, "a dismissal with prejudice functions as an adjudication on the merits and operates as if the case had been fully tried and decided." Rodriguez v. Icon Benefit Administrators, Inc., 269 S.W.3d 172, 176 (Tex. App. 2008).

When considering the second element, the parties need not be completely identical for res judicata to apply. If the plaintiffs "seek to relitigate the matter which was the subject of the earlier litigation, res judicata bars the suit even if the second plaintiffs do not allege causes of action identical to those asserted by the first." Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 653 (Tex. 1996).

As to the third element, Texas law applies "the transactional approach to res judicata, which requires claims arising out of the same subject matter to be litigated in a single lawsuit." Hallco Texas, Inc. v. McMullen Cty., 221 S.W.3d 50, 58 (Tex. 2006).

**C. Retaliation**

"The Supreme Court has long allowed claims for retaliation by former employees against former employers for post-employment adverse employment actions." Allen v. Radio One of Texas II, L.L.C., 515 F. App'x 295, 302 (5th Cir. 2013) (citing Robinson v. Shell Oil Co., 519 U.S. 337 (1997)). "Under Title VII's antiretaliation provision, protected activity can consist of either: (1) opposing any practice made an unlawful employment practice by this subchapter or (2) making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under this subchapter." E.E.O.C. v. Rite Way Serv., Inc., 819 F.3d 235, 239 (5th Cir. 2016) (cleaned up) (quoting 42 U.S.C. § 2000e–3(a)). The plaintiff "must establish that his or her protected activity was a but-for

7

cause of the alleged adverse action by the employer." Univ. of Texas Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 362 (2013).

### D. Abstention

"Under the Younger[5] abstention doctrine, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." Gates v. Strain, 885 F.3d 874, 880 (5th Cir. 2018) (internal quotation marks omitted). If all of these criteria are met, then the Court should decline to exercise jurisdiction. Weekly v. Morrow, 204 F.3d 613, 614-15 (5th Cir. 2000) ("Federal courts do not abstain on Younger grounds because they lack jurisdiction; rather, Younger abstention reflects a court's prudential decision not to exercise [equity] jurisdiction which it in fact possesses.") (quoting Benavidez v. Eu, 34 F.3d 825, 829 (9th Cir. 1994) (brackets original).

## III. Analysis

In analyzing Montes's claims, the Court must construe allegations by pro se litigants liberally, to ensure that his claims are given fair and meaningful consideration, despite his unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). While the Court will "read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012).

Montes has raised claims of employment discrimination and defamation against Overhead, Furbay, and Doe ("Overhead Defendants"). Montes has also sued Terry for retaliation for threatening to file a motion to hold him in contempt of court. Montes has also sought declaratory and injunctive relief against the State of Texas regarding the constitutionality of certain laws. The Court will address the claims as to Overhead, Furbay,

---

[5] Younger v. Harris, 401 U.S. 37, 43-47 (1971).

and Doe first; then turn to the claim against Terry; and, finally, address the claims against the State of Texas.

The Court notes that – with the exception of the claims against Terry – it does not reach the merits of Montes's claims or even determine if he has stated a claim upon which relief can be granted. Montes presented his claims to the state court, which ruled that Montes's claims had no basis in law or fact. Irrespective of whether that decision was correct or incorrect, the Court must honor it and either dismiss those claims based upon res judicata or abstain from exercising jurisdiction as to those claims.

### A. Overhead Defendants

Montes's claims against the Overhead Defendants are barred by res judicata. As such, the judgment in the state court case precludes Montes from pursuing those claims in this Court.

As previously noted, the Court must give the state court judgment the same preclusive effect that it would have in a Texas state court. Jefferson Dental Clinics, 478 F.3d at 694. As observed earlier, res judicata applies when three elements are present: "(1) a prior final determination on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action." Joachim, 315 S.W.3d at 862. All three elements are present here.

As to the first element, an order dismissing a case with prejudice is considered a final determination on the merits. Icon Benefit Administrators, 269 S.W.3d at 176. The state court order stated that "the causes of action of Plaintiff Isaac Montes against Defendants Overhead Door Corporation, Randall Furbay and Jane Doe, be and are hereby dismissed with prejudice." Dkt. No. 9, p. 10. Thus, the state court order is a prior final determination on the merits. The fact that the order is currently being appealed does not change its finality for res judicata purposes. Scurlock Oil Co., 724 S.W.2d at 6.

The state court also was a court of competent jurisdiction, given that it had subject matter jurisdiction over the case. Engelman Irrigation Dist. v. Shields Bros., Inc., 514 S.W.3d 746, 750 (Tex. 2017). This conclusion follows from the fact that state district

9

courts have subject matter jurisdiction over the employment discrimination and defamation claims. See Tex. Const. art. V, § 8 (granting district courts "exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies," unless exclusive, appellate, or original jurisdiction is conferred by the constitution or other law on some other court, tribunal, or administrative body). Thus, the first element has been met.

As to the second element, the parties are either identical or in privity with each other. Montes is the same plaintiff in both suits; Overhead, Doe, and Furbay are defendants in both suits. Thus, the second element is met.

As to the third element, this case is a second action based upon the same claims that were or could have been raised in the state court action. Both lawsuits revolve around the same set of operative alleged facts: Montes was fired after a few days of work and the termination was allegedly based upon discrimination, because he spoke English. "Any cause of action which arises out of those same facts should, if practicable, be litigated in the same lawsuit." Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav., 837 S.W.2d 627, 630 (Tex. 1992). "A subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which through the exercise of diligence, could have been litigated in a prior suit." Id., at 631. All of Montes's claims against the Overhead defendants could have been litigated in state court.

Montes argues that he raised a discrimination claim in this Court that was not raised in the state court. That argument is unavailing. Res judicata applies when the claims arise from the same set of operative facts and could have been raised in the prior suit. Barr, 837 S.W.2d at 631. While Montes did not receive a "right to sue" letter from the EEOC until after the state court lawsuit was dismissed, that fact does not change the analysis. The Fifth Circuit has concluded that res judicata applies in situations even when, "at the time of the earlier suit, the plaintiffs have not yet received a right-to-sue letter." Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 315 (5th Cir. 2004). The fact that plaintiffs received a right to sue letter in the interim between the two suits does not change the fact that both suits arose from the same nucleus of operative facts. Id.

Montes has also argued that the state court judgment was invalid because Overhead's motion to dismiss in the state court was filed in response to his first complaint and he later filed a third amended complaint, so the motion to dismiss should have been mooted as a matter of law. Dkt. No. 58, p. 2. The gist of his claim is that because the motion to dismiss was mooted, the state court's order granting that motion was invalid. This argument is also unavailing.

Even if the state court acted incorrectly — a question on which the Court takes no position — the Court must respect that judgment. Res judicata applies even when the underlying judgment was incorrect as a matter of law. See Comer v. Murphy Oil USA, Inc., 718 F.3d 460, 466 (5th Cir. 2013) (res judicata "does not depend upon whether or not the prior judgment was right."). The Court must give full weight and credit to the state court judgment. Considering any "contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of res judicata to avert." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398–99 (1981).

The only time that the Court may ignore the prior judgment is if it was void under Texas law. Travelers Ins. Co. v. Joachim, 315 S.W.3d 860, 863 (Tex. 2010). A judgment is void only if the issuing court "had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." Browning v. Prostok, 165 S.W.3d 336, 346 (Tex. 2005). As noted above, the state court had jurisdiction over the case and the parties.

If the state court judgment was incorrect as a matter of law, then the judgment was merely voidable. If an order is voidable, then the judgment can only be attacked on direct review and must be respected against any collateral attacks. Joachim, 315 S.W.3d at 863. To whatever extent the underlying state court judgment was incorrect, its defects merely made it voidable and is not subject to attack in this Court. Montes is free to advance his argument — that the motion to dismiss should have been rendered moot by his subsequent amendments — in the state appellate process, but not here.

Res judicata applies to all of Montes's claims against the Overhead defendants. The motion to dismiss should be granted as to all claims made against Overhead, Doe, and Furbay.[6]

**B. Kelly Terry**

Montes has made a claim of retaliation against Kelly Terry ("Terry"); this claim is also meritless and should be dismissed.

The Court understands this claim to allege that Terry retaliated against Montes by threatening to file a motion for contempt and sanctions in this case. Montes sent Terry a letter, offering to settle against Terry and Doe for $50,000. See Dkt. No. 28-5 (letter from Montes to Terry offering to "settle as to you and Jane Doe for $50,000 plus all costs in all litigation."). In response, Terry, via counsel, threatened to file a motion for contempt against Montes for communicating directly with a represented party. While no such motion was ever filed, Montes asserts that Doe was an unrepresented party and that the rules against speaking with represented parties apply to lawyers, rather than pro se litigants. Montes argues that the threat to file a motion for contempt was in retaliation for him filing an EEOC complaint against Overhead. Dkt. No. 18, p. 5.

As noted above, a plaintiff can maintain a retaliation claim based on "post-employment adverse employment actions." Allen, 515 F. App'x at 302. As relevant here, Montes can engage in protected activity by filing an EEOC complaint. Rite Way Serv, 819 F.3d at 239. Even so, Montes "must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." Nassar, 570 U.S. at 362. Montes has not meet this standard.

As an initial matter, Terry is not a proper defendant for this claim. Individuals cannot be held liable under Title VII in either their individual or official capacities. Ackel

---

[6] Because the Court is recommending dismissal of the employment discrimination claims against the Overhead Defendants based on res judicata, it does not reach the question of whether Montes has stated a claim upon which relief can be granted. See Russell v. SunAmerica Sec., Inc., 962 F.2d 1169, 1172 (5th Cir. 1992) ("We need not address Plaintiffs' primary [claims] because we find that their relitigation of the claims [. . .] is barred by res judicata.").

12

v. Nat'l Commc'ns, Inc., 339 F.3d 376, 382 n. 1 (5th Cir. 2003). Even if the Court considers the retaliation claim as being against Overhead, Montes fares no better.

It is clear from the record that the email threatening sanctions was in response to what Overhead believed to be sanctionable conduct by Montes during this litigation. Overhead threatened the contempt motion because it viewed Montes's settlement offer — which was sent directly to Terry — as being unethical conduct because it was direct communication with a represented party. Dkt. No. 28-5, p. 5.

Montes argues that the threat of a sanctions motion was retaliation because: (1) the rules against contacting a represented party directly only apply to attorneys and he is proceeding pro se; and (2) Jane Doe was not a represented party since Overhead's counsel refused to represent her. These arguments go to the potential merits of a motion for sanctions, but they do not establish that Overhead was threatening sanctions because Montes filed an EEOC charge and sued Overhead. In other words, the sanctions threat was not issued because Montes sued Overhead, but instead was based upon Montes's conduct during the lawsuit. There is no indication in the record that Montes's EEOC claim or lawsuit was a "but for" cause of Overhead's threat of sanctions. For these reasons, this claim should be dismissed for failure to state a claim upon which relief can be granted.

### C. State of Texas

Montes has raised four claims against the State in his second amended complaint: (1) the immunity granted to testimony given before the Texas Workforce Commission is unconstitutional; (2) Tex. R. Civ. P. 91a, which permits defendants to seek dismissal of frivolous claims, is unconstitutional; (3) Texas law banning unpaid non-lawyers from appearing in court on behalf of pro se litigants is unconstitutional; (4) Texas Rule of Prof'l Conduct 4.02, which bans direct communication with represented parties, is unconstitutional as applied to non-lawyers. Dkt. No. 18, p. 6.

The State of Texas has sought dismissal on two grounds: (1) the State itself is not a proper defendant because it has sovereign immunity; and (2) the Court should abstain from deciding these questions, based on Younger deference, because Montes has raised these

same issues on appeal in the state courts. Dkt. No. 39. The Court will address each of the State's arguments in turn.

### 1. Sovereign Immunity

The State of Texas possesses sovereign immunity from suit. "[T]he Constitution does not provide for federal jurisdiction over suits [for money damages] against nonconsenting States." Swindle v. Livingston Par. Sch. Bd., 655 F.3d 386, 399 (5th Cir. 2011) (brackets original) (quoting Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 73 (2000)). Thus, if Montes seeks monetary damages from the State of Texas, his suit is barred by sovereign immunity.

If Montes seeks equitable or declaratory relief, the suit is not barred by sovereign immunity, but he would have to sue the state officials which enforce the laws that he claims are unconstitutional. NiGen Biotech, L.L.C. v. Paxton, 804 F.3d 389, 394 (5th Cir. 2015). The Court will assume, for the sake of argument, that Montes is seeking declaratory relief and would substitute the proper defendant, if given the opportunity to amend his complaint. As explained below, this assumption avails him nothing, because the Court should abstain from entertaining these claims.

### 2. Abstention

Abstention is appropriate when there are pending state proceedings over the same issue and three criteria are met: "(1) the dispute . . . involve[s] an ongoing state judicial proceeding; (2) the state . . . ha[s] an important interest in regulating the subject matter of the claim; and (3) there . . . [is] an adequate opportunity in the state proceedings to raise constitutional challenges." Perez v. Texas Med. Bd., 556 F. App'x 341, 342 (5th Cir. 2014) (internal quotations omitted) (quoting Wightman v. Tex. Supreme Court, 84 F.3d 188, 189 (5th Cir. 1996)).[7] All of these criteria are met, counseling that the Court should abstain from exercising jurisdiction.

---

[7] The Court notes that the plaintiff in Wightman, Robert R. Wightman, might be Montes's "legal advisor" in the instant case. Dkt. No. 28-5, p. 5. The Court further notes that a person of that same name, Robert R. Wightman, was later disbarred by the State of Texas. In re Wightman-Cervantes, 236 F. Supp. 2d 618, 619 (N.D. Tex. 2002).

14

First, there is no question but that there is an ongoing state judicial proceeding. Montes has appealed the dismissal of his claims and that appeal is pending in the state courts. Montes v. Overhead, Case No. 13-19-18-CV (Tex. App. 2019). That appeal was ongoing when this lawsuit was filed. See Rickhoff v. Willing, 457 F. App'x 355, 359 (5th Cir. 2012) ("The relevant inquiry in determining that the state judicial proceeding was "ongoing" is whether the state proceeding was pending at the time the federal action was instituted."). The Court takes judicial notice of the fact that Montes has raised his constitutional claims against the State of Texas in his appellate briefing. Id. Thus, the first criteria has been met.

Secondly, there can be no question, but that Texas has an important interest in regulating the subject matter of the constitutional claim. The State has an important interest in administering its laws and its judicial system. Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 12 (1987); Health Net, Inc. v. Wooley, 534 F.3d 487, 494 (5th Cir. 2008). All of Montes's claims go to the heart of Texas's ability to effectively run its own judicial system. Thus, the second criteria has been met.

Lastly, Montes has adequate opportunities in the state proceedings to raise constitutional challenges to these state laws. Montes has already raised these issues on appeal and can argue their constitutionality in the state courts. Accordingly, the third criteria has been satisfied as well.

Thus, the Court should abstain from considering Montes's claims against the State of Texas.[8]

---

[8] Even if the Court considered Montes's claims on their merits, he fares no better. Montes claims that, by giving employers absolute immunity for statements made to the Texas Workforce Commission, the State of Texas violates his Fourteenth Amendment liberty interest in his reputation. His Fourteenth Amendment liberty interest only entitles him to "notice and an opportunity to be heard," which he is given during the Workforce Commission proceedings. Sims v. City of Madisonville, 894 F.3d 632, 642 (5th Cir. 2018). This claim is meritless.

Second, Rule 91a has already been found to be constitutional on its face. Guillory v. Seaton, LLC, 470 S.W.3d 237, 246–47 (Tex. App. 2015), holding modified on other grounds by Reaves v. City of Corpus Christi, 518 S.W.3d 594 (Tex. App. 2017). This claim is similarly meritless.

**IV. Recommendation**

It is recommended that the motion to dismiss filed by Defendants Overhead Corporation, Kelly Terry, and Randall Furbay be granted. Dkt. No. 28.

All claims made against Overhead, Furbay, and Jane Doe should be dismissed with prejudice based upon res judicata.

All claims against Terry should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

It is also recommended that the motion to dismiss filed by the State of Texas be granted. Dkt. No. 39. All claims made against the State of Texas should be dismissed without prejudice for lack of jurisdiction.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings

---

Third, the State has a strong interest in regulating the practice of law and confining it only to those persons who are qualified to do so; banning unpaid non-lawyer advocates is within the confines of the State's authority. See Osborne v. Travis Cty., 638 F. App'x 290, 294 (5th Cir. 2016) ("The Constitution proscribes only those qualifications or requirements which have no rational connection with an applicant's fitness or capacity to practice law."). This claim is meritless, as well.

Finally, there is no evidence that TEX. R. PROF'L CONDUCT 4.02 was ever applied to Montes. Sanctions were threatened by Overhead based on Rule 4.02, but no motion was ever filed. Thus, the Court would lack jurisdiction to give a purely advisory ruling. Ramirez-Ortez v. Barr, No. 17-60722, 2019 WL 3713702, at *3 (5th Cir. Aug. 6, 2019) (citing Flast v. Cohen, 392 U.S. 83, 97 (1968)).

on appeal, except on the grounds of plain error. <u>Alexander v. Verizon Wireless Servs., L.L.C.</u>, 875 F.3d 243, 248 (5th Cir. 2017).

      DONE at Brownsville, Texas on September 6, 2019.

                                            _____
                                            Ronald G. Morgan
                                            United States Magistrate Judge