UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISAAC MONTES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-32 |
| | § | |
| OVERHEAD CORPORATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

In March 2018, Plaintiff Isaac Montes started his employment at Defendant Overhead Corporation. He worked there for a few days and was then terminated, allegedly because he spoke to an Overhead executive in English rather than in Spanish. Montes initially brought suit in a Texas state court against Overhead, Randall Furbay (an Overhead executive) and Jane Doe (an unidentified Overhead executive). The state court dismissed all claims with prejudice. While Montes's appeal to a Texas court of appeals was pending, Montes filed the current federal lawsuit against Overhead, Furbay and Doe, as well as against Kelly Terry (Overhead's Chief Executive Officer) and the State of Texas. Montes's causes of action stem from the alleged employment discrimination he experienced at Overhead, as well as events related to the state court litigation.

Defendants move to dismiss Montes's claims on various grounds. (Defendants' Amended Motion to Dismiss, Doc. 28; Defendant State of Texas' Motion to Dismiss Plaintiff's Second Amended Complaint, Doc. 39 (together, "Motions to Dismiss")) Overhead, Furbay and Doe focus on the state court litigation and argue that res judicata bars Montes's causes of action. Terry contends that Montes does not state a claim upon which relief can be granted. And the State of Texas relies on sovereign immunity and *Younger* abstention.

The Magistrate Judge issued a Report and Recommendation (Doc. 70) that capably summarizes Montes's allegations and the relevant procedural history, and that addresses the

parties' arguments. The Report and Recommendation recommends that the Court grant both Motions to Dismiss and dismiss all of Montes's causes of action.

Montes timely filed objections to the Report and Recommendation. (Objections, Doc. 80)

The Court has conducted a *de novo* consideration of the Motions to Dismiss, reviewing the parties' briefs, the record in the case and the applicable law. Based on its review, the Court agrees with the conclusions in the Report and Recommendation.

In his objections, Montes largely re-urges the arguments he presented to the Magistrate Judge in opposition to the Motions to Dismiss. The Court adopts the Report and Recommendation as to those arguments.

Montes presents two new grounds that warrant comment. First, Montes argues that a footnote in the Report and Recommendation noting the possible identity of Montes's unpaid legal advisor calls into question the Magistrate Judge's "objectivity". (Objections, Doc. 80, 2 (citing Report & Recommendation, Doc. 70, 14 n.7)) The Court rejects this argument as frivolous. The footnote evidences no absence of objectivity, and the Report and Recommendation in its analysis places no weight on the information in the footnote. Second, Montes argues that the *Rooker-Feldman* doctrine does not apply to his lawsuit. (Objections, Doc. 80, 5–6) The Report and Recommendation, however, does not rely on this doctrine, applying instead the *Younger* abstention doctrine. As a result, this objection is irrelevant and need not be further addressed.

The Court also notes that in his objections, Montes again argues that res judicata should not apply because his appeal of the state court's dismissal remained pending. (*Id.* at 4–5) In mid-November, however, after Montes filed his objections, the Texas appellate court ruled on the appeal, affirming the dismissal of Montes's claims. *See Montes v. Overhead*, Case No. 13-19-18-CV, 2019 WL 5997508 (Tex. App.—Corpus Christi Nov. 14, 2019, no pet. h.) (mem. op.). This

decision only re-affirms the application of res judicata to Montes's causes of action against Overhead, Furbay and Doe.

Finally, Montes requests leave to amend his Second Amended Complaint "to name individual defendants as to the state constitutional issues and as to Overhead in the Retaliation claim." (Objections, Doc. 80, 4) As noted in the Report and Recommendation, however, granting leave to amend as to the state constitutional issues would be futile because of the *Younger* abstention doctrine's application. And Montes fails to suggest any proposed amendments that would enable his retaliation claim to survive dismissal as to any possible defendant. Under these circumstances, the Court denies leave to amend. *See, e.g., Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile.").

Accordingly, the Court **ADOPTS** the Report and Recommendation. It is:

**ORDERED** that Defendants' Amended Motion to Dismiss (Doc. 28) is **GRANTED**;

**ORDERED** that Isaac Montes's claims against Overhead Corporation, Randall Furbay and Jane Doe are dismissed with prejudice based on res judicata;

**ORDERED** that Isaac Montes's claims against Kelly Terry are dismissed with prejudice for failure to state a claim upon which relief can be granted;

**ORDERED** that Defendant State of Texas' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 39) is **GRANTED**; and

**ORDERED** that Isaac Montes's claims against the State of Texas are dismissed without prejudice on the grounds that the Court declines to exercise jurisdiction.

SIGNED this 12th day of December, 2019.

_____
Fernando Rodriguez, Jr.
United States District Judge